IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-105 |
| | : | |
| DAVID PEREZ | : | |
| a/k/a "Wyte Perez" | | |
| a/k/a "Xavier Dryson" | | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Amanda R. Reinitz, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

    1.    On March 28, 2022, David Perez was charged via Information with with one count of engaging in the business of manufacturing explosive devices, in violation of 18 U.S.C. § 842(a)(1) (Count One); possession of explosives by a convicted felon, in violation of 18 U.S.C. § 842(i) (Count Two); malicious damage to a building/institution receiving federal financial assistance, 18 U.S.C. § 844(f)(i) (Count Three); possession of firearm by a convicted felon, in violation of 18 U.S.C. 922(g) (Count Four); possession with intent to distribute a mixture and substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Five); and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 (Count Six).

2. The Information also contained Notices of Forfeiture. Notice of Forfeiture No. 1 alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d), as a result of his violation of 18 U.S.C. § 922(g) (Count Four). Notice of Forfeiture No. 2 alleged that the defendant shall forfeit certain property, pursuant to 21 U.S.C. § 853(a), as a result of his violation of 21 U.S.C. § 841 (Count Five). Notice of Forfeiture No. 3 alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 982, as a result of his violations of 18 U.S.C. §§ 844 and 371 (Counts Four and Six). Notice of Forfeiture No. 4 alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 844(c)(1), as a result of his violations of 18 U.S.C. § 844(f) (Count Three). Notice of Forfeiture No. 5 alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of his violations of 18 U.S.C. § 842 (Counts One and Two).[1] Notices of Forfeiture Nos. 2, 3, and 5 also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. The defendant entered into a Guilty Plea Agreement whereby he agreed, inter alia, to plead guilty to Counts One through Six of the Information. The defendant further agreed not to contest forfeiture as set forth in the Notices of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

---

[1] The Bureau of Alcohol, Tobacco, Firearms, and Explosives has completed administrative forfeiture of the firearms and ammunition involved in the defendant's violation of 18 U.S.C. § 922(g). The agency has also completed administrative forfeiture of cash seized from the defendant, which represented proceeds of the defendant's violations of 18 U.S.C. § 842. Accordingly, the government is not seeking judicial forfeiture of those assets.

5. On April 20, 2022, the defendant pleaded guilty to Counts One through Six of the Information.

6. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 844(c), to forfeit criminally any explosive materials involved in or used in or intended to be used in the violation charged in Count Three of the Information; and pursuant to 18 U.S.C. § 982, to forfeit criminally any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the violation charged in Count Six.

7. Based upon the facts set forth at the defendant's change of plea hearing, as well as those set forth in the Guilty Plea Agreement, and in the record as a whole, the government avers that the sum of $43,500.00 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Count Six, and that the government has established the requisite nexus between such property and the offense. This amount represents the value of proceeds that the defendant obtained and that are traceable to his conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, as charged in to Count Six of the Information. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of

forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

8. The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $43,500.00.

9. Due to the defendant's acts or omissions, the $43,500.00 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because the conditions in 21 U.S.C. § 853(p) have been met. Based on the facts set forth at the defendant's change of plea hearing, as well as those set forth in the Guilty Plea Agreement, and in the record as a whole, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $43,500.00.

10. Based on the facts set forth at the defendant's change of plea hearing, as well as those set forth in the Guilty Plea Agreement, and in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Count Three of the Information, and that the government has established the requisite nexus between such property and such offenses:

    a. **103 Grams fine gray powder recovered from devices;**

    b. **48 intact explosive devices;**

    c. **Nine samples of powder measuring approximately 1 gram each;**

  **d.**   **49 intact explosive devices;**

  **e.**   **Approximately 250 grams of remaining bulk powder from exploited devices;**

  **f.**   **38 intact explosive devices;**

  **g.**   **2 intact explosive devices; and**

  **h.**   **approximately 1516 grams of bulk powder from exploited devices**

as the explosive materials involved in, used in, or intended to be used in the violation charged in Count Three (hereinafter referred to as the "Subject Property").

  11.  Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

12. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

13. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

14. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

15. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 10 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

      For the reasons stated above, the government requests that this Court enter the attached Order.

                                        Respectfully submitted,

                                        JACQUELINE C. ROMERO
                                        United States Attorney

                                        */s/ Sarah L. Grieb*
                                        SARAH L. GRIEB
                                        Assistant United States Attorney
                                        Chief, Asset Recovery and Financial Litigation

                                          */s Amanda R. Reinitz*
                                        AMANDA R. REINITZ
                                        Assistant United States Attorney

Date:   March 14, 2023

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CRIMINAL NO. 22-105** |
| : | |
| **DAVID PEREZ** : | |
|     a/k/a "Wyte Perez" | |
|     a/k/a "Xavier Dryson" | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant David Perez's guilty plea as to Count Three of the Information, charging him with malicious damage to a building/institution receiving federal financial assistance, in violation of 18 U.S.C. § 844(f)(i), the defendant is required to forfeit criminally explosive materials involved in, used in, or intended to be used in such offense, pursuant to 18 U.S.C. § 844(c).

Further, as a result of the defendant's guilty plea as to Count Six of the Information, charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, the defendant is required to forfeit criminally any property constituting, or derived from, proceeds that he obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2).

2. All explosive materials involved in, used in, or intended to be used in the violation of 18 U.S.C. § 844(f) (Count Three) are forfeited to the United States.

3. All property constituting, or derived from proceeds the defendant obtained directly or indirectly, as the result of the violation of 18 U.S.C. § 371 (Count Six) is forfeited to the United States.

4. The sum of $43,500.00 represents the value of property constituting, or derived from, proceeds that the defendant obtained directly or indirectly as a result of the offense charged in Count Six of the Information.

5. The defendant shall forfeit to the United States $43,500.00 in proceeds that he obtained as a result of his violation of 18 U.S.C. § 371, as charged in Count Six, pursuant to 18 U.S.C. § 982(a)(2) and Fed. R. Crim. P. 32.2(b)(2).

6. A money judgment in the amount of $43,500.00 is hereby entered against the defendant.

7. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. The Court has determined, based on the facts set forth at the change of plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is also subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Count Three of the Information, that the government has established the requisite nexus between such property and such offense, and that the following property is forfeited to the United States:

      **a.**      **103 Grams fine gray powder recovered from devices;**

      **b.**      **48 intact explosive devices;**

      **c.**      **Nine samples of powder measuring approximately 1 gram each;**

      **d.**      **49 intact explosive devices;**

      **e.**      **Approximately 250 grams of remaining bulk powder from exploited devices;**

      **f.**      **38 intact explosive devices;**

      **g.**      **2 intact explosive devices; and**

      **h.**      **approximately 1516 grams of bulk powder from exploited devices**

as the explosive materials involved in, used in, or intended to be used in the violation charged in Count Six of the Information (hereinafter referred to as the "Subject Property").

9.      The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

10.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

11.      Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

12.      Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify,

locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

13. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

14. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

15. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever

is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

16. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

17. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

18. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

19. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Bureau of Alcohol, Tobacco, Firearms and Explosives, and to counsel for the parties.

ORDERED this ___ day of _____, 2023.

_____
**HONORABLE MICHAEL M. BAYLSON**
**Senior United States District Court Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing and/or e-mail, as follows:

James Joseph McHugh, Jr.
Defender Association of Philadelphia
601 Walnut St. Suite 540 West - Curtis Bldg Independence Square West
Philadelphia, PA 19106
*Counsel for defendant David Perez*

      */s Amanda R. Reinitz*
AMANDA R. REINITZ
Assistant United States Attorney

Date: March 14, 2023